IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. JIMENEZ DIAZ<br><br>    Plaintiff,<br><br>    v.<br><br>TRIPLE-S VIDA, INC., et al<br><br>    Defendants. | CIVIL NO. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Triple-S Vida, Inc. ("Triple-S Vida"), hereby files this Notice of Removal to remove the above-captioned action to this Court and states and prays as follows:

1. Plaintiff filed this civil action on April 8, 2014, in the Puerto Rico Court of First Instance, Judicial Center of San Juan. A true and correct copy of the original complaint in the Spanish language, and a certified translation thereof, are attached as Exhibits A and B, respectively.

2. On May 6, 2014, Triple-S Vida received service of process. A true and correct copy of the original service of process form in the Spanish language and a certified translation thereof, are attached as Exhibits C and D respectively.

3. Plaintiff, Luis A. Jiménez Díaz, alleges in his Complaint that he is entitled, as a beneficiary of an employee benefit plan sponsored by his former employer Amgen, to

short-term disability benefits due to a series of medical conditions and that Triple-S Vida denied them. Plaintiff alleges that he requested short-term disability benefits through Triple-S Vida, the plan's Administrator. <u>Exhibits A and B, at ¶¶ 9, 14-16.</u> The complaint alleges that the Administrator wrongfully denied his application for short-term disability benefits. After having exhausted all administrative remedies before the Administrator, Plaintiff filed the present complaint seeking the benefits allegedly due him under the plan, and damages for the alleged mental anguish and distress suffered as a result of the benefits denial.  <u>Exhibits A and B, at ¶¶ 17-26; 13-20 (at pp. 4-5)</u>.

4.      Although Plaintiff's Complaint was filed in state court, its allegations, as pertaining to an employee's claim for benefits under his employer's benefit plan sponsored by his employer Amgen, are completely preempted by §514(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144(a). <u>See</u> <u>AETNA Health Inc. v. Dávila</u>, 542 U.S. 200 208-209 (2004); <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 54 (1987); <u>Metro Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 66-67 (1987); <u>Negrón Fuentes v. UPS Supply Chain Solutions</u>, 532 F. 3d 1, 6-7 (1st Cir. 2008); <u>Dudley Supermarket, Inc. v. Transamerica Life Ins. and Annuity Co</u>., 302 F. 3d 1, 4 (1st Cir. 2002); <u>Holtz v. Blue Cross and Blue Shield of Mass. Inc</u>., 292 F. 3d 57, 59 (1st Cir. 2002).

5.      Moreover, the Complaint is replete with references to ERISA, beginning with the caption in which Plaintiff states, in no uncertain terms, that his complaint is under ERISA

("Reclamación de Indemnización bajo el Acta de Seguridad de Ingreso de Jubilación del Empleo de 1974, 29 USC §§ 1001 et seq."). At page 4, under the heading "III. Claim", Plaintiff alleges that the defendant's alleged conduct violates ERISA[1]. Throughout the paragraphs under the heading, Plaintiff invokes various sections of ERISA and ERISA's implementing regulations that were allegedly violated by the defendant. See, Exhibits A and B, at ¶¶ 13, 16-19.

6. In light of ERISA's completely preemptive character, the Supreme Court of the United States has held that actions stating a claim under §502 of ERISA, 29 U.S.C. § 1132 are "necessarily federal in character by virtue of the clearly manifested intent of Congress" and are removable to federal court under 28 U.S.C. § 1441(b). Metropolitan Life Ins. Co., 481 U.S. at 58, 67; see also Aetna Health Inc, 542 U.S. at 209 ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make ERISA remedy exclusive and is therefore, pre-empted.")(Citations omitted).

7. Jurisdiction in ERISA suits is governed by 29 U.S.C. § 1132(e)(1), which provides:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter... State courts of competent jurisdiction and district courts of the United States shall have concurrent

---

1   Mistakenly the first paragraph after the heading begins with the number 13, when the preceding paragraph ends with the number 26.

jurisdiction of actions under paragraphs (l)(B) and (7) of subsection (a) of this section.

a.    Subsection (a)(1)(B) provides as follows:

A civil action may be brought- (1) by a participant or beneficiary (A) (. . .) (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

8. Even if the state courts and the district courts have original subject matter jurisdiction to hear this cause of action, concurrent jurisdiction under ERISA only affords the plaintiff the initial choice of forum, but is subject to defendant's right to remove. See, Negrón Fuentes, 532 F. 3d at 7 (choice of forum in ERISA cases, where federal jurisdiction can attach, subject to defendant's right to remove); Wolf v. Reliance Standard Life Ins. Co., 71 F. 3d 444, 447-448 (1st Cir. 1995); See also, McConnell v. Marine Engineers Beneficial Ass'n., 526 F. Supp. 770, 773 (1981); Chilton v. Savannah Foods & Industries, Inc., 814 F. 2d 620, 622-23 (11th Cir. 1997).

9. Unless otherwise expressly provided by Act of Congress, any civil action brought in a state court over which the district courts of the United States have original jurisdiction, may be removed by the defendant to the District Court of the United States. 28 U.S.C. § 1441(a). In addition, any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the

parties. 28 U. S. C. § 1441(b).

10.   Plaintiff's claims pertain to "the [alleged] improper processing of a claim for benefits under an ERISA-covered plan, [and therefore], fall within the scope of § 502(a)." Danca v. Private Health Care Systems,Inc., 185 F.3d 1, 5 (1st Cir. 1999).  Therefore, removal of this civil action is proper because this Honorable Court has original jurisdiction over the present action pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 1132(a)(1)(B), and Triple-S Vida is entitled to remove it to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

11.   Pursuant to Fed. R. Civ. P. 11, Triple-S Vida's counsel hereby certify that they have verified the grounds for removal and this action is properly removable to this Court under 28 U.S.C. §1441(a) and (b).

12.   Moreover, and in compliance with 28 U.S.C. § 1446, Triple-S Vida states that this Notice is being filed with this Court within thirty (30) days after the Defendant received a copy of the initial pleadings setting forth the claims for relief upon which Plaintiff's action is based, and that Triple-S Vida will give notice of removal to Plaintiff through his attorney of record and to the Clerk of the Puerto Rico Court.

WHEREFORE, Triple-S Vida gives notice of the removal of this action to this Honorable Court, and requests that this case proceed before the Court as an action properly removed pursuant to Title 28 United States Code, §§ 1441 and 1446.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 3rd day of June 2014.

We certify that copy of this Notice of Removal was sent by electronic mail to k.silvestrini@lawyer.com, and by regular mail to Karla M. Silvestrini Carrasquillo Esq., P. O. Box 4952, Caguas, Puerto Rico 00726.

**CASELLAS ALCOVER & BURGOS, P.S.C.**
P.O. Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax  (787) 756-1401

/s/ César T. Alcover Acosta
Cesar T. Alcover Acosta
USDC-PR 204311
calcover@cabprlaw.com