# Exhibit B

CERTIFIED TRANSLATION

[Handwritten Note]
No summons was delivered.

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN SUPERIOR COURT**

[Marked]
504

| | |
|---|---|
| LUIS A. JIMÉNEZ-DÍAZ<br><br>Plaintiff<br><br>vs.<br><br>TRIPLE S VIDA, INC.,<br>XYZ INSURANCE COMPANY<br><br>Respondents | CIVIL NO.  [Handwritten] KAC14-0313<br><br>RE:<br><br>COMPENSATION CLAIM<br>UNDER THE EMPLOYEE<br>RETIREMENT INCOME<br>SECURITY ACT OF 1974<br><br>29 USC §§ 1001 et seq. |

**COMPLAINT**

[Stamped]
RECEIVED
JUDICIAL CENTER
2014 APR-8 PM 2:56

TO THE COURT OF FIRST INSTANCE,
SAN JUAN SUPERIOR COURT:

APPEARS LUIS A. JIMÉNEZ-DÍAZ, through the undersigned legal representative, and respectfully states, alleges, and prays:

I.  **THE PARTIES**

1.  Luis A. Jiménez-Díaz ("Mr. Jiménez") is of legal age, married, employed, and a resident of the Sonadora Ward on Highway 792, Km. 5.3, in Aguas Buenas, Puerto Rico.

2.  Triple S Vida, Inc. ("Triple S") is a for-profit corporation organized under the laws of the Commonwealth of Puerto Rico and dedicated to offering insurance services. Its main place of business is located at 1441 F.D. Roosevelt Avenue, San Juan, Puerto Rico 00920.

3.  XYZ Insurance Company is a legal person whose real name is unknown at the moment and who, based on information and belief, was allegedly issued an insurance policy that is currently in force to respond for the damages for which compensation is claimed below.

II.  **THE FACTS**

4.  Mr. Jiménez has worked for AMGEN, a company dedicated to manufacturing biomedical products, since 1994.

5.  As a Senior Associate, Mr. Jiménez's duties include the handling of manufacturing equipment, among other duties.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

-2-

6. As employer, AMGEN offers different benefit plans to its employees.

7. The benefits plans include a short-term disability plan provided through the respondent in this case, Triple S Vida.

8. This benefits plan is designed to protect employees in the event that they are not able to return to work due to a disability caused by illness or injury. In addition, the plan protects employees who are able to return to work, but who cannot fulfill the regular duties of their job.

9. As an insurance company, Triple S Vida is in charge of handling all claims from AMGEN employees and assessing their eligibility.

10. By mid-2013, Mr. Jiménez suffered an emotional crisis caused by an incident with a co-worker.

11. As a consequence, Mr. Jiménez visited his psychiatrist, Dr. José R. Rodríguez-Cay, with whom he was receiving treatment.

[Initials] 12. As part of his evaluation, the Plaintiff was diagnosed by Dr. Rodríguez with major depression.

13. Furthermore, Dr. Rodríguez recommended that the Plaintiff rest, since he would not be able to return to work given the nature of his work.

14. That is why on July 3, 2013, Mr. Jiménez filed a claim at Triple S Vida, requesting short-term disability benefits.

15. On July 12, 2013, the Plaintiff received notice from the Respondent stating that he was required to submit, within no more than 30 days, Dr. Rodríguez's progress notes, a copy of his medical record, and a certification from the pharmacy where he gets his medication, among other requirements.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

-3-

16. In view of the above, Mr. Jiménez sent the requested documents to Triple S within the specified period.

17. On August 24, 2013, the Respondent [sic] received notice from Triple S, stating that he was ineligible to receive said benefits, because the consulting physician to whom his case was referred did not find anything on his record that indicated that his condition was limiting his ability to perform any duties that may allow him to generate some kind of income or salary.

18. On August 30, 2013, Mr. Jiménez filed an appeal in which he stated his dissatisfaction with the decision. He also requested access to the documents used for his evaluation, information on the evaluation process, and who the evaluating physician was.

19. On September 4, 2013, the Respondent requested in writing that the Plaintiff submit a copy of all progress notes written after July 24, 2013, as well as a copy of the certification of medications, among other documents.

20. In view of the above, the Mr. Jiménez provided the requested documents within the specified term.

21. On September 17, 2013, the Respondent notified Mr. Jiménez their decision on the claim. In summary, the decision stated that despite having a clinical diagnosis, being on medication and receiving active psychological treatment since April 9, 2013, the Plaintiff's condition was stable; therefore his request for benefits was denied again definitely.

22. Based on the above, on October 11, 2013, attorney Carlos Rodríguez-García sent a letter to the Respondent indicating the disagreement with the consulting physician's determination and requesting a copy of the consulting physician's evaluation, his curriculum vitae, information proving that he is authorized to practice medicine in Puerto Rico, and his area of specialization.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

-4-

23. On October 15, 2013, Attorney Rodríguez was notified in a letter that Mr. Jiménez had exhausted his right to request an administrative review on his right to file a civil action if he did not agree with the decision made on September 17, 2013. Copies of the progress notes' copies and other documents submitted by Mr. Jiménez for evaluation were attached to this notice.

25. On February 20, 2014, the Respondent was sent a letter via certified mail, where once again, and under applicable laws, they requested a copy of the evaluation process, the evaluation made by the consulting physician, a copy of his curriculum vitae, and his area of specialization.

26. Consequently, on March 13, 2014, the Respondent answered the letter and stated, in short, that an appeal to the decision of ineligibility must be filed before the Federal Department of Labor or before the District Court for the District of Puerto Rico, and that access to the information and documents demanded by Mr. Jiménez would not be granted until then.

[Initials]

### III. CLAIM

13. [sic] The Respondent violated the Plaintiff's rights under the Employee Retirement Income Safety Act of 1974 (ERISA) by not providing him with the requested documents and information.

14. By failing to provide the requested information, Triple S is denying Mr. Jiménez his right to properly appeal his claim.

15. In view of the continued and unjustified refusal to provide him the information requested, the Plaintiff's emotional health has deteriorated, thus worsening his health condition.

16. By denying information to Mr. Jiménez, he incurred in legal representation costs, which would have been unnecessary if the Respondent had fulfilled its obligation under the ERISA Act.

[TN: The numbering from this page on does not follow the previous number sequence.]



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

-5-

17. The ERISA Act states that in the case of an adverse benefit determination, if an internal rule, guideline, protocol or similar criterion was relied upon in making the adverse determination, a copy of said rule, guideline, protocol or similar criterion will be provided to the claimant free of charge upon request. 29 CFR § 2560.503-1 (g) (v) (A).

18. Furthermore, the ERISA Act demands that when an adverse determination has been appealed, the plan administrator shall provide the claimant with access to, and copies of, documents, records, and other relevant information. 29 CFR § 2560.503.1 (i) (5).

19. On the other hand, the ERISA Act allows the claimant to bring a civil action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 USC § 1132 (A) (1) (B).

20. Given this situation, and in accordance with the ERISA Act, Mr. Jiménez is entitled to a compensation for unearned income consisting in 75% percent of nine (9) months' salary, amounting to $26,910.00, plus 25% of said amount, equal to $6,727.50, for attorney's fees and $15,000.00 for damages.

IN LIGHT OF THE FOREGOING, Luis A. Jiménez-Díaz respectfully requests this Court that once the corresponding procedures have been completed, this Complaint be UPHELD and, consequently, that Judgment be entered against the Defendant, ordering payment of $26,910.00 plus 25% of said amount, equal to $6,727.50, for attorney's fees, and $15,000.00 for damages.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico, on April 4, 2014.

[Signed]

**KARLA M. SILVESTRINI-CARRASQUILLO**
*Attorney for Luis A. Jiménez-Díaz*
RUA No. [Attorney Registration No.] 19,300
PO Box 4952
Caguas, Puerto Rico 00726
Phone (787) 502-2942
k.silvestrini@lawyer.com

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.